UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVE ALEXANDER (#381382)
(#A62054)

VERSUS                                                CIVIL ACTION

DEPUTY BLANK, ET AL                                   NUMBER 10-316-FJP-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 16, 2010.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVE ALEXANDER (#381382)
             (#A62054)

VERSUS                                          CIVIL ACTION

DEPUTY BLANK, ET AL                             NUMBER 10-316-FJP-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Ascension Parish Jail, Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Deputy Blank, Dorm Warden Knight, Warden Paul Hall, the Ascension Parish Sheriff's Office and Ascension Parish Jail. Plaintiff alleged that his constitutional rights were violated when he filed an administrative grievance against Deputy Blank but did not receive a response.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Failure to Respond to Administrative Grievance Promptly

Plaintiff alleged that he filed an administrative grievance against Deputy Blank complaining that the Deputy Blank told him he would be incarcerated for a long period of time.  Plaintiff alleged that he gave the administrative grievance to Dorm Warden Knight.  Plaintiff alleged that Dorm Warden Knight told him that he forwarded the plaintiff's administrative grievance to Warden Hall.  Plaintiff alleged that 60 days have elapsed and he has not received a response to his administrative grievance.

The Administrative Remedy Procedure does not itself establish any federal right.  It is a mechanism for resolving disputes at the institutional level.  The fact that the plaintiff has not yet received a response to his administrative grievance does not rise to the level of a constitutional violation.

2

**Defendants A.P.S.O. and A.P.J.**

Plaintiff named as defendants "A.P.S.O." and "A.P.J.", presumably Ascension Parish Sheriff's Office and Ascension Parish Jail, respectively.

Under Rule 17(b), Fed.R.Civ.P., the capacity to sue or be sued must be determined by the law of the state in which the district court is held.  Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant. It is also well settled under Louisiana law that a sheriff's department or office or "parish prison" is not a separate legal entity capable of being sued.  *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).[1]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, June 16, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See, e.g., Kirk v. Cronvich*, 629 F.2d 404, 405 (5th Cir. 1980), *overruled on other grounds, Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986).